IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 14-00239 (MCF) |
| GENESOFT LABS CORP. | CHAPTER 7 |
| Debtor | |
| NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE | ADV. P. NO: 14-00236 |
| Plaintiff | |
| v. | |
| COMMONWEALTH OF PUERTO RICO | |
| Defendant | |

**OPINION AND ORDER**

Before the Court is a motion for summary judgment in an adversary proceeding for turnover of property of the estate and collection of money. On January 17, 2014, Genesoft Labs Corp. ("Debtor") filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code. On January 18, 2014, the plaintiff, Noreen Wiscovitch Rentas ("Trustee"), was appointed as Chapter 7 Trustee for Debtor's estate. Trustee filed a complaint against the Commonwealth of Puerto Rico ("Defendant") to recover $96,000.00 that allegedly belongs to Debtor's estate. The amount comes from two invoices for services that Debtor apparently sent to the Office for Public Safety of the Government of Puerto Rico on August 3 and October 1, 2007. After engaging in discovery, it was clarified that the Commonwealth had paid $64,000.00 of the $96,000 to Debtor for an invoice sent by the latter. On November 13, 2015, Trustee filed a motion for summary judgment alleging that there is no factual controversy in the case and

therefore asks the court to order the Defendant to pay the remaining balance of $32,000.00 to the estate. Defendant replied in opposition to the motion for summary judgment alleging that there are contradictions in the Trustee's statement of facts, that there is controversy over the validity of the contract between the parties and that there is no evidence to support the Trustee's case.

Trustee's motion for summary judgment alleges that there is no factual controversy in the case. According to her motion the undisputed facts are that:

a) Defendant subscribed contract 2008-00031 with Debtor to provide biometric identification cards for their 13 employees to enter the OPS premises and access the agency's computers and other technological services;

b) Debtor fulfilled its obligation to Defendant's satisfaction;

c) Defendant paid $64,000.00 for Invoice OASP-0001-2007 and therefore owes an amount of $32,000.00, corresponding to Invoice OASP-0002-2007, which is liquid, matured and payable on demand.

Defendant also disputes the validity of the contract with Debtor and its obligation to pay these invoices. The only copy of the contract presented as evidence is a draft without the corresponding signatures and without date. Defendant further denies that it owes money for Invoice OASP-0002-2007 for a total of $32,000.00.

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; In re Colarusso, 382 F. 3d 51 (1st Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548,

91 L.Ed.2d 265 (1986)). Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Perez Mujica v. FirstBank, PR (In re Perez Mujica), 457 B.R. 177, 183 (Bankr. D.P.R. 2011).

When the court is presented with a motion for summary judgment, it must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988). The moving party always bears the initial and ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991).

If the movant has carried its burden under Fed. R. Civ. P. 56(a), the nonmovant must demonstrate that there is a genuine dispute of material fact and not merely allege that there is a factual dispute. Scott v. Harris, 550 U.S. 372, 380 (2007). However, the nonmovant can claim that the materials cited to support a fact do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(b). "Summary judgment may not be appropriate when legal issues are intertwined with fact disputes".[1]  When disputed facts are pending resolution and these facts will determine the application of the rule of law, the motion presents a mixed question of law and fact. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 889 (1990).

Reviewing the legal standard, the Court finds that the motion for summary judgment cannot be granted because there is a factual dispute as to the existence of a contract. Although Trustee claims that there is no factual controversy in the case, Defendant disputes the existence of a contract with Debtor by pointing out the only copy of the contract is a draft without the

---

[1] O'Connor's Federal Rules, Civil Trials, 609, §4.1(2)(2)(2016).

-3-

corresponding signatures and without a date. Hence, Defendant contends that it does not owe $32,000.00 to Debtor's. Therefore, the Court denies Trustee's motion for summary judgment.

A pre-trial conference is scheduled for September 27, 2016, at 9:00 A.M.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18 day of May, 2016.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge